# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-318V
Filed: September 29, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JAYMEENI PATEL,                              *
                                             *
        Petitioner,                         *
v.                                           *
                                             *     Attorneys' Fees and Costs;
SECRETARY OF HEALTH                          *     Special Processing Unit ("SPU")
AND HUMAN SERVICES,                          *
                                             *
        Respondent.                         *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Elizabeth Martin Muldowney, Rawls, McNelis and Mitchell, PC, Richmond, VA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 27, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as result of her Hepatitis A/Hepatitis B vaccine administered on April 11, 2012. Stipulation, filed May 25, 2016, at ¶ 4; *see also* Petition at 1. On May 25, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 40).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 1, 2016, petitioner filed a petition for reimbursement of attorneys' fees and costs. (ECF No. 44). Petitioner requests attorneys' fees in the amount of $35,238.60, attorneys' costs in the amount of $6,641.79, and petitioner's out-of-pocket costs in the amount of $549.19 for a total amount of $42,429.58. (ECF No. 44 at 3; ECF No. 45-1). In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $549.19 in out-of-pocket expenses. (ECF No. 45-1).

On September 6, 2016, respondent filed a response to petitioner's petition for reimbursement of attorneys' fees and costs. (ECF No. 47). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $26,000.00 to $29,000.00" citing two other cases with an expert witness for petitioner where the unopposed award of attorneys' fees and costs fell within the given range. *Id.* at 3.

On September 16, 2016, petitioner filed a reply. (ECF No. 48). Petitioner argues that "respondent does not take into account the facts and history of the case at bar and provides no reference or discussion of the specifics for arbitrarily suggesting this range other than the mere fact that one expert was retained in each case." *Id.* at ¶ 4.

In light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, and mindful of respondent's response to the instant application, the undersigned finds upon review of the submitted billing records and based on the undersigned's experience evaluating fee applications in similar Vaccine Act claims that the overall amount sought for attorneys' fees and costs is reasonable, and the undersigned finds no cause to reduce the requested hours or rates. Thus, especially in the absence of any particularized objection from respondent, further analysis is not warranted. Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). *J.B. v. HHS*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (addressing attorneys' fees and costs in the context of a history of attorneys' fees and costs awards in over 300 similarly situated SPU cases.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's petition for reimbursement of attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $42,429.58[3] as follows:**

- **A lump sum of $41,880.39, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Elizabeth Muldowney; and**

- **A lump sum of $549.19, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.